# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM EDWARD BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>ALPHA CONSOLIDATED HOLDINGS, INC. and ILLINOIS TOOL WORKS, INC. d/b/a GUMOUT,<br><br>    Defendants. | C.A. No. 18-976-LPS |

Jeremy A. Tigan and Sarah E. Simonetti, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE

Jodi-Ann McLane, McINNES & McLANE, LLC, Providence, RI

John McInnes, McINNES & McLANE, LLC, Worcester, MA

Alissa Digman, McINNES & McLANE, LLC, Chicago, IL

    Attorneys for Plaintiff


Brian E. Farnan and Michael J. Farnan, FARNAN LLP, Wilmington, DE

Clement J. Naples and Michelle L. Ernst, LATHAM & WATKINS LLP, New York, NY

Thomas W. Yeh, LATHAM & WATKINS LLP, Los Angeles, CA

    Attorneys for Defendants

## MEMORANDUM OPINION

August 3, 2021
Wilmington, Delaware

*[signature]*
**STARK, U.S. District Judge:**

Plaintiff William Edward Baker sued Defendants Alpha Consolidated Holdings, Inc. and Illinois Tool Works, Inc. d/b/a Gumout (together, "Defendants") for the alleged infringement of U.S. Patent No. 9,889,961 ("the '961 patent"). (*See generally* D.I. 60) Baker asserts claims 1-5 of the '961 patent, which recite fuel additive bottles for use with capless fuel systems. (*See generally* D.I. 242-1 Ex. 1) The lip of the claimed bottle has "threadless paths," each of which extends about 51° around the circumference of the bottle's neck. ('961 patent at 5:28-30) In some embodiments, the neck of the bottle must be substantially smooth. (*Id.* at 5:14-16) All the asserted claims require that the neck be adapted so that the threadless paths align with tabs in the capless fuel system. (*See id.* at 6:52-63) When pressed, the tabs allow the capless fuel system's door to open, and the contents of the bottle may be emptied into the fuel system. (*See id.*)

The Court previously issued a memorandum opinion and corresponding order regarding claim construction on November 12, 2019. (*See generally* D.I. 90, 91) After the completion of discovery, Baker and Defendants filed cross-motions for summary judgment. (D.I. 240, 244) The Court heard oral argument on those motions on July 15, 2021. (*See* D.I. 308) In the briefing and during the hearing, the parties raised multiple issues regarding claim construction that had not previously been addressed. (*See id.* at 130-31) Therefore, at the conclusion of the hearing, the Court directed the parties to provide their positions on how this case should proceed. (*Id.* at 131-35) The parties agreed that supplemental claim construction proceedings were appropriate (D.I. 298 at 1), and the Court adopted a modified version of the parties' proposal (*see* D.I. 305).

The Court received opening supplemental claim construction briefs from both parties (D.I. 309, 310, 311), as well as responsive briefs from both sides (D.I. 312, 313). Having

carefully considered all the supplemental materials, the Court has determined that it is appropriate to construe the terms that remain in dispute without a supplemental claim construction hearing.

## I. LEGAL STANDARDS

The Court incorporates by reference the legal standards outlined in its initial claim construction opinion in this case. *See Baker v. Alpha Consol. Holdings, Inc.*, 2019 WL 5897258, at *1-2 (D. Del. Nov. 12, 2019) (D.I. 90 at 1-4).

## II. CONSTRUCTION OF THE DISPUTED TERMS[1]

### A. "a substantially smooth surface"[2]

| |
|---|
| **Plaintiff**: "a surface with no intentional bumps or irregularities," where an "irregularity" is "not uniform" |
| **Defendants**: "a surface with no intentional bumps or irregularities preventing proper depression of tabs" |
| **Court**: "a surface with no intentional bumps or irregularities" |

The Court agrees with both parties that the specification defines a substantially smooth surface as a surface with no intentional bumps or irregularities. (D.I. 309 at 1; D.I. 311 at 5; *see also* '961 patent at 7:1-5) The parties have failed to persuade the Court that their additional proposed restrictions should be included in the construction.

Plaintiff's contention that an irregularity cannot be uniform seems based on nothing more

---

[1] In the summary judgment briefing and at the hearing, the parties disputed whether the claim preambles are limiting. (*See, e.g.*, D.I. 259 at 14-19; D.I. 270 at 8-12; D.I. 308 at 64-70, 86-89) Upon further reflection, "Baker has decided not to present arguments that the preamble is limiting." (D.I. 311 at 1) Accordingly, the Court will not construe the preambles as limiting.

[2] This term appears in claims 1 and 2 of the '961 patent. (*See* D.I. 311 at 2)

than a hope that the intentional placement of an elevated portion (e.g., a ridge) or depressed portion (e.g., a divot) cannot be an "irregularity." The Court finds no persuasive intrinsic support for this view. Moreover, as Defendants correctly state, Plaintiff's construction "would allow for bumps and irregularities that prevent the bottle from working with a capless fuel system, so long as they are not 'intentional.'" (D.I. 309 at 2)

However, Defendants' contention that a bump or irregularity is not a bump or irregularity unless it prevents proper depression of the tabs is also unsupported. A person having ordinary skill in the art ("POSA") might well determine that if a bump or irregularity prevents proper depression of tabs, then that bump or irregularity means that the pertinent surface is not substantially smooth – although a POSA might also take into account whether such bump or irregularity merely slows down or impedes proper depression of tabs. An elevated or depressed portion may be an irregularity, even if it does not prevent proper depression of the tabs.

**B.** **"wherein said neck is adapted so when inserting said bottle into said capless fuel system said two threadless paths align with said tabs such that said tabs are depressed along threadless paths and without impeding entry of said neck by said plurality of threads"**[3]

| |
|---|
| **Plaintiff**: "wherein said neck is capable of inserting said bottle into said capless fuel system such that said two threadless paths are brought into line with said tabs such that said tabs are depressed along threadless paths and without interfering with or slowing the progress of entry of said neck by said plurality of threads" |
| **Defendants**: "wherein said neck is configured or designed so when inserting said bottle into said capless fuel system said two threadless paths align with said tabs such that said tabs are depressed along threadless paths and without impeding entry of said neck by said plurality of threads" |

---

[3] This term appears in claims 1-5 of the '961 patent. For brevity, the Court refers to this term as the "wherein said neck is adapted" limitation.

3

> **Court**: "wherein said neck is configured or designed so when inserting said bottle into said capless fuel system said two threadless paths align with said tabs such that said tabs are depressed along threadless paths and without interfering with, slowing the progress of, or preventing entry of said neck by said plurality of threads"

The parties first diverge on the proper construction of the term "adapted." The Court agrees with Defendants that, in the context of the '961 patent, "adapted" means "configured to" or "designed to." *See generally Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1349 (Fed. Cir. 2012) ("In common parlance, the phrase 'adapted to' is frequently used to mean 'made to,' 'designed to,' or 'configured to,'" rather than "capable of.").

The claim language is phrased in a way that contemplates actual alignment of the threadless paths with the tabs of the capless fuel system, not merely the possibility of alignment. The specification emphasizes that alignment of the threadless paths with the tabs is crucial for insertion of the bottle into the fuel system. (*See, e.g.*, '961 patent at 2:62-64) ("Access to the aperture of the capless system *requires* alignment of the tabs with the threadless path[s].") (emphasis added) The prosecution history provides further support for the Court's conclusion, as the patentee added the "wherein said neck is adapted" limitation to secure allowance of the claims by overcoming prior art that the Examiner understood as being "capable for use with a capless fuel system." (*See* D.I. 263-3 at #5954, 5956; D.I. 310-2 at #7627; *see also* D.I. 309 at 4)

The parties next dispute whether "without impeding entry" should be construed as "without interfering with or slowing the progress of entry," as Plaintiff proposes, or does not need to be construed, as Defendants prefer. This is a dispute about claim scope and the Court must resolve it. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of the[]

4

claims, the court, not the jury, must resolve that dispute."). On this dispute, the Court agrees with Plaintiff. Defendants provide no persuasive grounds for rejecting Plaintiff's extrinsic evidence, which entirely supports the conclusion that "impede" is not limited to "completely preventing," as Defendants suggest. (*See* D.I. 309 at 6-7; D.I. 312 at 8) The ordinary and customary meaning of "impeding" also encompasses "interfering with" and "slowing the progress of entry." (*See* D.I. 311 at 16) (citing multiple dictionary definitions)

The Court agrees with Defendants that the word "align" does not need to be construed. (*See* D.I. 312 at 8) (noting "'align' is a common term that jurors can readily understand" and "Plaintiff has not identified any reason to construe this term") While the parties disagree on whether the accused products have necks that are adapted so that the threadless paths align with the fuel system's tabs, there does not appear to be any meaningful dispute about what alignment itself requires. (*See, e.g., id.*)

Finally, Plaintiff requests that the Court indicate its "construction applies to the claim term 'neck' only, and not the threadless paths, as this would be the plain and ordinary reading by a POSA of the claim language itself." (D.I. 313 at 5) Plaintiff is right that the adjective "adapted" modifies the noun "neck," but Plaintiff's argument fails to account for the fact that the threadless paths "extend[] . . . around the circumference of the neck." ('961 patent at 7:24-26) Reading the entire "wherein said neck is adapted" limitation in context, the adaptation of the neck also relates to the alignment of the threadless paths.

### C. "neck"[4]

| |
|---|
| **Plaintiff**: "portion of the bottle that fits through fluid receiving aperture of capless fuel system" |
| **Defendants**: "elongated portion of the bottle" |
| **Court**: "elongated portion of the bottle that connects the lip to either a transition area or a reservoir" |

By the conclusion of the supplemental briefing, Plaintiff makes it clear that he does not object to the construction of "neck" including "elongated portion of the bottle." (*See* D.I. 313 at 7) On the still-disputed portions of the construction, the Court agrees with Defendants that it is not appropriate, in the context of this case, to construe "neck" in reference to characteristics of a structure (the fluid receiving aperture) that is recited only in unasserted claims. The other portions of the Court's construction are supported by the specification and will help the jury. (*See, e.g.*, '961 patent at 5:19-21, 35-36)

### D. "circumference"[5]

| |
|---|
| **Plaintiff**: "the outer surface around the neck" |
| **Defendants**: "the enclosing boundary of a curved geometric figure" |
| **Court**: "the outer boundary of the neck, which may be curved" |

Plaintiff's proposed construction is essentially "perimeter," which is incorrect because the patent uses both "circumference" and "perimeter" but does not appear to do so interchangeably. The specification supports the Court's construction. (*See, e.g., id.* at 2:53-54, 5:13-15) The Court agrees with Plaintiff that "the '961 Patent does not teach that the 'circumference' of the

---

[4] This term appears in claims 1-5 of the '961 patent.

[5] This term appears in claims 1-5 of the '961 patent.

neck of the bottle must be curved," although of course it may be. (D.I. 311 at 10) Limiting the circumference of the claims to just a curved figure would potentially exclude an embodiment disclosed in the specification. (*See* '961 patent, Fig. 5) (showing cross-section of neck with both curved and flat portions) Plaintiff's construction is also supported by its expert and other extrinsic evidence. (*See, e.g.*, D.I. 310-6 at 258)

## III. CONCLUSION

The Court will construe the disputed terms as explained above. An appropriate order follows.